[No. 622.   Decided March 7, 1889.]

SPOKANE MANUFACTURING & LUMBER COMPANY v. J. MC-
CHESNEY, W. R. STEELE, AND PETER DUEBER.

CONSTITUTIONAL LAW — MECHANICS' LIENS — CONSTRUCTION OF STAT-
UTES.

A statute giving a lien to material-men or laborers, notwithstand-
ing payment to the main contractor, is constitutional as to future
transactions.

Code Wash T., § 1957, provides that every person performing labor
upon, or furnishing material to be used in, the construction of a
building, has a lien therefor, whether furnished at the instance of the
owner or his agent, and that, for the purpose of the act, every con-
tractor, etc., shall be held to be the owner's agent.  By § 1965
the owner may avoid a lien by posting a notice as therein directed.
*Held*, That the material-man or laborer has a lien, notwithstanding
payment to the contractor.

Decisions of another state construing a statute contrary to its plain
import will not be followed in construing a similar statute subse-
quently enacted here, especially where such statute has been adopted
in other states, and has been there construed according to its terms
before its adoption here.

*Appeal from District Court, Spokane County.*

Action by the Spokane Manufacturing & Lumber Com-
pany against J. McChesney, W. R. Steele, and Peter Due-
ber.  Plaintiff appeals.

*S. C. Hyde*, and *James B. Jones*, for appellant.

The statute is remedial, and is to be liberally interpreted.
2 Jones, Liens, § 1556; *Gale v. Blaikie*, 129 Mass. 206;
*Heckmann v. Pinkney*, 81 N. Y. 211; Code Wash T., § 1981.
The amount of a lien given directly to a subcontractor in
no way depends on the state of account between owner
and contractor.  2 Jones, Liens, § 1304, and cases cited.
The lien continues for sixty days after ceasing to furnish
materials. Code Wash. T., § 1961; *Lonkey v. Cook*, 15 Nev.
58; *Hunter v. Truckee Lodge*, 14 Nev. 24; *Association v.*

39 — 1 WASH.

*Miller*, 16 Nev. 327; *Andis v. Davis*, 63 Ind. 17; *Clough v. McDonald*, 18 Kan. 114; *Laird v. Moonan*, 32 Minn. 358, 362; *Parker v. Bell*, 7 Gray, 429, 432. The material-man is presumed to rely upon his lien. 2 Jones, Liens, § 1284. The material was sold for the building and consequently to its owner. *White v. Miller*, 18 Pa. St. 54. The owner, to protect himself, must see the material-men and others are paid. 2 Jones, Liens, §§ 1290, 1305; Code Wash. T., § 1966; *Laird v. Moonan*, 32 Minn. 358, 362; *Ballou v. Black*, 21 Nev. 131. Defendant " is in privity of contract, by force of the statute," with the material-man. *Hobbs v. Spiegelberg*, 3 N. Mex. 222; *Barker v. Buell*, 35 Ind. 297. Though the statute was borrowed from California, and at the time it was transcribed had received in that state a certain and settled construction, the courts of this territory are not bound by such construction, because it is absurd, and is not in harmony with the spirit and policy of the general legislation of the territory. *Hunter v. Lodge*, 14 Nev. 36; Code Wash. T., § 1981. The statute stands on the same footing, and is subject to the same rules of construction as any other legislative enactment. End. Interp. St., § 371. The constitutionality of a similar statute was affirmed in *Shellabarger v. Thayer*, 15 Kan. 619; *Laird v. Moonan*, 32 Minn. 358, 362; *Bohn v. McCarthy*, 29 Minn. 23; *O'Neil v. St. Olaf's School*, 26 Minn. 329.

*Griffitts, Moore & Feighan*, for appellee Dueber.

The statute, at the time of its adoption here, had received a uniform, settled and established construction. *Renton v. Conley*, 49 Cal. 188; *Wells v. Cahn*, 51 Cal. 423; *Bowen v. Aubrey*, 22 Cal. 571; *McAlpin v. Duncan*, 16 Cal. 127; *Knowles v. Joost*, 13 Cal. 621; *Wiggins v. Bridge*, 70 Cal. 437; *McCants v. Bush*, 70 Cal. 125; *Todd v. De La Mott*,

9 Colo. 222; *Doggett v. Bellows*, Cal., Mar. 26, 1885, 6 Pac. Rep. 421; *Whittier v. Hollister*, 64 Cal. 283; *Whittier v. Wilbur*, 48 Cal. 175; *Rosenkranz v. Wagner*, 62 Cal. 151. And this construction is approved in Phil. Mech. Liens, § 62*b*; *McKnight v. Washington*, 8 W. Va., 666; *Jensen v. Brown*, 2 Colo. 694; *McIntire v. Barnes*, 4 Colo. 288; *Stewart v. Wright*, 52 Iowa, 335; *Hooker v. New Haven, etc., Co.*, 14 Conn. 146; *Parrish v. Christopher* (Ky., March 24, 1887), 3 S. W. Rep. 603; *Shields v. Morrow*, 51 Tex. 393; *Horan v. Frank*, Id. 401; *Loonie v. Frank*, Id. 406; *Schultz v. Hay*, 62 Ill. 157; *Rothgerber v. Dupuy*, 64 Ill. 452; *Pike v. Irwin*, 1 Sandf. 14; *Lumber Co. v. Osborn*, 72 Iowa, 472; *Pennock v. Dialogue*, by STORY, J., 2 Pet. 1; *Cathcart v. Robinson*, by MARSHALL, C. J., 5 Pet. 264; *Bank v. U. S.*, STRONG, J., 19 Wall. 227; *McDonald v. Hovey*, BRADLEY, J., 110 U. S. 619; *Com. v. Hartnett*, 3 Gray, 450; *Bemis v. Becker*, 1 Kan. 226; *Poertner v. Russel*, 33 Wis. 193; *Eldridge v. Kuehl*, 27 Iowa, 160; *Pangborn v. Westlake*, 36 Iowa, 546; *Streeter v. People*, 69 Ill. 595; *Gage v. Smith*, 79 Ill. 219; *Martin v. Judd*, 81 Ill. 488; *Attorney General v. Brunst*, 3 Wis. 689; *Campbell v. Quinlin*, 3 Scam. 288; *Rigg v. Wilton*, 13 Ill. 16; *State v. Rowley*, 12 Conn. 101; *Adams v. Field*, 21 Vt. 265.

The Minnesota cases are distinguishable.  *Bardwell v. Anderson*, Minn., Jan. 3, 1880, 4 N. W. Rep. 47.  A statute is presumed to be framed and passed in view of settled rules of construction, which form a part of it.  End. Interp. St., §§ 8, 371; notes, 1–3.  This statute is to be strictly construed.  Phil. Mech. Liens, §§ 17, 18; *Rupe v. Association*, 3 N. Mex. 312.

The opinion of the court was delivered by

LANGFORD, J. — This is an action wherein the plaintiff seeks to foreclose a lien upon the building of Dueber for materials furnished by said plaintiff in the construction of

said building, at the instance of McChesney and Steele, the main contractors with Dueber. The point to be decided arises upon a general demurrer to the complaint by Dueber. The complaint is admitted to be perfect and sufficient in all respects, unless it is insufficient by reason of its not stating that Dueber had not paid said main contractors. If this is a material fact in the case, is it necessary that this negative shall appear affirmatively in the complaint, or, if true, must this be pleaded in the answer? It is too well settled to be a proper rule of pleading, that a defendant who relies upon payment as a defense must plead it in the answer, to require argument or authority. The amount of business which a district court has to perform in a short time deprives it of an opportunity to deliberate, but it must decide a case immediately, as it is presented in argument. Judging by the argument here, we presume that the point whether the payment or non-payment by the owner to the main contractor arose upon the demurrer to the complaint was not considered. The arguments and briefs here assume that the owner paid the main contractor, and the parties insist that this court shall decide the case as if this question arose upon the demurrer to the complaint, and no doubt this is the only point of law deemed material by the parties. We will proceed to decide it.

The point is made that a statute which would give a lien to a laborer or material-man, notwithstanding that payment had been made to the main contractor, is unconstitutional. We think such a statute is constitutional, as to all transactions occurring after the statute is passed, for the reason that it does not impair the obligations of existing contracts, but merely declares the effect of future contracts. Do the words of this act clearly express the legislative intent that a material-man or laborer shall have such lien notwithstanding the main contractor has been paid? The act to be considered is that of 1881, found in the code, and embraced in the code from § 1939 to § 1985, inclusive.

Omitting the words which include other than this class of claimants, we have these words: Every person performing labor upon, or furnishing materials to be used in, the construction of a building, has a lien upon the same for the work or labor done, or for material furnished, by each, respectively, whether furnished at the instance of the owner or his agent; and for the purpose of this act every contractor, subcontractor, architect, builder or person having charge of the construction, shall be held to be the agent of the owner. Sec. 1957. Such liens are superior to any which may attach subsequent to the time when the work was commenced to be done or material commenced to be furnished. Sec. 1960. Should the owner desire to prevent the lien attaching, as herein provided for, in cases where he or they have not themselves contracted for the construction, he may do so by posting a notice on the land in some conspicuous place on the land or improvement, which must be posted within ten days after the owner has knowledge of the making the improvement. Sec. 1965. The liens provided for may be enforced in the same manner and under the same proceedings as govern in the foreclosure of mortgages upon real estate. Sec. 1971. The contractor may recover upon a claim only such amount as may be due him after deducting all claims of other parties for work done or materials furnished; and, in case of a judgment against the owner by the main contractor, the owner may deduct any claim of material-men and laborers. Sec. 1966. It would be difficult to use more definite and clear language to express an intent than is used here. If it was the intention to declare that the material-man or laborer shall have a lien in plain words, not limited by the context, you have it here. If plain, positive words are not sufficient, the legislature has said that whether the materials were furnished at the instance of the owner or contractor the lien attaches. Then still to add force it says that the contractor is made the agent of the owner for the purpose of making the lien good.

This word "agent" has an accepted legal and popular meaning, and makes all contracts, notices and knowledge of the main contractor that of the owner himself. The owner is bound by the acts of his agents. It makes the owner privy with both contractor and subcontractor. To make the intent still more emphatic, the legislature has made an exception to this liability of the owner, by providing that in one way he may escape this responsibility, to wit, by posting a notice on the premises. Here we have not only the most appropriate affirmative words to express a certain intent, but we have one exception to the liability also expressed.

If these words do not express the intent of the legislature, that laborers and material-men have a lien, notwithstanding the owner may have, by contract and payment to another, attempted to defeat it, no words can express that intent. To hold to the contrary would be to hold that English words had not an English meaning; that technical words have not their legal meaning; that exceptions mentioned do not include all the exceptions intended; in short, that such an intent cannot be expressed by any language. For a court to find that statutes thus explicit do not express the legislative intent is simply for the court to deny that the legislature has legislative power, and, instead of enforcing statutes, to destroy them at pleasure upon any pretext, no matter how absurd.

We are asked to do this, because it is said that a similar statute of the State of California was construed out of existence by one or two decisions of that state; that as a matter of law our legislature is conclusively presumed to have incorporated the California decision into the act. If this is true, then it is clear that our legislature did not intend what it expressed in plain, unambiguous language. Such a presumption is not conclusive. Those cases cited, which hold the presumption conclusive, refer to English statutes, and decisions under them, imported from England as a part

of the common law, and afterwards expressly re-enacted. They stand upon the presumption that every man knows the law to which he is subject. Decisions of foreign states upon foreign statutes, which are never the law of the land, stand upon quite another principle. In this latter case no man is presumed to know them, except in so far as they become so incorporated into the history of the country that to suppose them unknown would be unreasonable. The legislature of Washington is no more presumed to have known these California decisions than the court is presumed to know the decision of every state court upon each statute of each state. We think that the presumption that the legislature knew the plain import of the language they used is much stronger than the presumption that they knew of one or two decisions of the supreme court of California. The act now being considered was passed in 1881, and at that time the same statute had been adopted in Nevada and New Mexico. The supreme court of that state, and also of that territory, had, at that time, enforced the statute according to its words; so the presumption would be that the legislature, when it passed this act, supposed that the courts of this territory would enforce this act according to its terms, as the courts of New Mexico and Nevada had done. We conclude, then, that a laborer or material-man has a lien if he complies with the statute, notwithstanding the owner may have made different arrangements with, or has paid, the main contractor.

The judgment of the district court is therefore reversed, and the case remanded to the same court for a new trial according to this opinion.

BURKE, C. J., and ALLYN, J., concur.