[No. 18860.  Department Two.  February 20, 1925.]

THE STATE OF WASHINGTON, *Appellant*, v. ANNA B. WILLIAMS *et al., Respondents.*[1]

CONSTITUTIONAL LAW (102) — CLASS LEGISLATION — MECHANICS' LIENS—PAYMENT OF CLAIMS BY AGENT. The constitutional objection to class legislation cannot be asserted against Rem. Comp. Stat., § 2604, providing that contractors who shall receive full price for labor or materials for which a lien might be lawfully filed shall be deemed "agents" within the meaning of Id., § 2601, subd. 3, defining larceny by embezzlement; since the act applies alike to all similarly situated.

SAME (53)—IMPRISONMENT FOR DEBT—FRAUD—MECHANICS' LIENS —PAYMENT OF CLAIMS BY CONTRACTOR—STATUTES. Rem. Comp. Stat., § 2604, providing that contractors who shall receive full price for labor or materials for which a lien might be lawfully filed shall be deemed "agents" within the meaning of Id., § 2601, subd. 3, defining larceny by embezzlement, is not unconstitutional as authorizing imprisonment for debt, the punishment being imposed for their fraud and not for any indebtedness.

SAME (58)—LIBERTY TO CONTRACT—MECHANICS' LIENS—LIABILITY OF CONTRACTOR OR AGENT FOR FRAUD—POLICE POWER. Rem. Comp. Stat., § 2604, providing that contractors who shall receive full price for labor or materials for which a lien might be lawfully filed, shall be deemed "agents" within the meaning of Id., § 2601, subd. 3, defining larceny by embezzlement, is not unconstitutional as interfering with the liberty to contract, since contractors must enter into their contracts with knowledge of the lien laws, which become a part of the contract.

Appeal from a judgment of the superior court for King county, Carey, J., entered August 13, 1924, upon sustaining a demurrer to the information, dismissing a prosecution for grand larceny.  Reversed.

*Malcolm Douglas* and *Robert S. Macfarlane*, for appellant.

*John F. Dore*, for respondents.

[1]Reported in 233 Pac. 285.

MACKINTOSH, J.—A demurrer was sustained to an information charging the defendants with grand larceny by reason of the violation of § 2604, Rem. Comp. Stat. [P. C. § 8947], that section being:

"Every person having entered into a contract to supply any labor or materials for the value or price of which any lien might lawfully be filed upon the property of another, who shall receive the full price or consideration thereof, or the amount of any account stated thereon, shall be deemed within the meaning of section 2601, subdivision 3, to receive the same as the agent of the party with whom such contract was made, his successor or assign, for the purpose of paying all claims for labor and materials supplied."

Section 2601, subd. 3, Rem. Comp. Stat. [P. C. § 8889], being the general statute on larceny by embezzlement, provides:

"Every person who, with intent to deprive or defraud the owner thereof.

" (3) Having any property in his possession custody or control, as bailee, factor, pledgee, servant, attorney, agent, employee trustee, executor, administrator, guardian or officer of any person, estate, association or corporation or as a public officer, or a person authorized by agreement or by competent authority to take or hold such possession, custody or control, or as a finder thereof, shall secrete, withhold or appropriate the same to his own use or to the use of any person other than the true owner or person entitled thereto; or  .  .  .  Steals such property and shall be guilty of larceny."

The information alleges that the defendants, being contractors for certain persons, had entrusted to them by reason of such relationship some $1,500 with which to pay for labor and materials, but failed to do so and appropriated the money to their own use. The state, feeling aggrieved, appeals.

The demurrer was sustained to the information on

the theory that § 2604, *supra,* is unconstitutional, the attack being made on the ground that it represents class legislation, provides for imprisonment for debt, and interferes with liberty of contract. Taking these in their order, it would first appear that the statute is not vulnerable to the attack as being class legislation, for it applies equally to all persons who are similarly situated. It provides that everyone who shall come within the operation of the mechanics' lien law who shall receive payment on account of his contract shall be deemed to receive it as the agent of the party with whom the contract was made and for the purpose of paying the claims for which liens might be filed. The mechanics' lien law (§ 1129, Rem. Comp. Stat.) [P. C. § 9705], has been held to be constitutional, in *Spokane Manufacturing & Lumber Co. v. McChesney,* 1 Wash. 609, 21 Pac. 198, and if that is constitutional for the purpose of binding the contractee, an act which binds the contractor should, by the same token, be constitutional.

(2) The act does not provide for imprisonment for debt. The contractors are not being punished for any indebtedness which they may owe their contractee by reason of the receipt of the contract price or any part thereof, but they are being punished for their fraud, which is an altogether different matter. The statute provides, not that the contractor shall be punished because he owes the money, but for the reason that he has secreted it or failed to pay it as he should, "with intent to deprive or defraud the owner thereof," and has appropriated it to his own use. It is the fraudulent act and not the indebtedness which is made the determining feature in establishing guilt under this section. *In re Milecke,* 52 Wash. 312, 100 Pac. 743, 132 Am. St. 968, 21 L. R. A. (N. S.) 259; *Chamberlain & Co. v. French,* 131 Wash. 394, 230 Pac. 837.

(3) The act does not interfere with the liberty of contract, for contractors must enter into their engagements with a knowledge of the act, just as much as they must enter into their engagements with a knowledge of the existence of the mechanics' lien law. There are many situations arising under the laws of this state of which persons acting thereunder must take knowledge, and those provisions enter into and become a part of their contracts. In *Duke v. National Surety Co.*, 130 Wash. 276, 227 Pac. 2, is found probably the latest expression by this court on the subject, where it was held that, in a statutory bond, the provisions of the statute are read into the bond, although not expressed therein. The rule is laid down in 13 C. J. 506 that parties to a contract make it in contemplation of the statute relating thereto. *Manvell v. Weaver*, 53 Wash. 408, 102 Pac. 36. This statute being a proper exercise of the police power, in that its object is the prevention of fraud, becomes a part of every contract covered by its terms.

Statutes similar to ours seem to have been considered in only three states. These are Wisconsin (*Pauley v. Keebler*, 175 Wis. 428, 185 N. W. 554), Minnesota (*State v. Harris*, 134 Minn. 35, 158 N. W. 829), which have both held the act to be constitutional, and California (*American Surety Co. v. Bank of Italy*, 63 Cal. App. 149, 218 Pac. 466; *People v. Holder*, 53 Cal. App. 45, 199 Pac. 832), where a similar act was held to be unconstitutional. An examination of these cases, however, reveals the fact that the California act does not make the contractor the agent of the party with whom the contract has been made. But a more fundamental distinction exists between the situation in California and that which obtains in this state and in Wisconsin and Minnesota. In the mechanics' lien law of California the laborers or materialmen are only subro-

gated to the liens of the original contractor and the contractor does not become the agent of the party with whom the contract was made, whereas in the other three states agency is the fundamental principle in the creation of the lien. The laborers and materialmen acquire their liens for the reason that the original contractor is the agent of the owner. Therefore, in those states where the fact of agency is the foundation of the lien statute, the corollary statute making the agent criminally liable for misappropriation is held valid; but where the lien statute creates no agency and the creation of that agency is purely by a criminal act, the result logically follows that a criminal statute in such state would be held unconstitutional. The Washington, Wisconsin and Minnesota mechanics' lien laws are those which are known as the "New York system," giving a "direct lien;" the California laws coming under what is known as the "Pennsylvania system," giving what is called a "derivative lien." Under the latter system the person furnishing labor or materials can recover only what is due from the owner to the contractor, while under the direct lien system the laborers or materialmen can recover even though there may be nothing due from the owner to the contractor.

Upon both reason and authority, it would appear that the demurrer was improperly sustained, and the judgment is therefore reversed.

TOLMAN, C. J., HOLCOMB, MITCHELL, and FULLERTON, JJ., concur.