[No. 20165. Department One. December 3, 1926.]

THE STATE OF WASHINGTON, *Respondent*, v. ANNA B. WILLIAMS, *Appellant*.[1]

[1] APPEAL (473)—SUBSEQUENT APPEAL—FORMER DECISION AS LAW OF CASE. A decision upon a former appeal that an information stated sufficient facts to constitute a crime and that a demurrer thereto was improperly sustained becomes the law of the case upon a subsequent trial on the same information.

[2] EMBEZZLEMENT (20)—TRIAL—INSTRUCTIONS. In a prosecution for embezzlement by an agent receiving the full price paid on a contract, it is not prejudicial error that an instruction included the alternative clause of the statute "or on account stated," where the jury could not have believed there was any difference in receiving the full price and an account stated.

[3] SAME (20). In a prosecution for embezzlement by an agent of a sum entrusted to her to supply labor and material on a building, it is not necessary to prove that mechanics' liens were placed on the property, but only that laborers were entitled to file liens therefor.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered September 26, 1925,

[1]Reported in 251 Pac. 115.

upon a trial and conviction for grand larceny. Affirmed.

*John F. Dore,* for appellant.

*Ewing D. Colvin, Robert S. Macfarlane,* and *John J. Dunn,* for respondent.

HOLCOMB, J.—Appellant was convicted on an information filed May 1, 1924, reading as follows:

"She, said Anna B. Williams, in the county of King, state of Washington, on or about the 26th day of September, 1923, then and there doing business in a copartnership with one John Huffman, known as Olympic Builders, and as such being then and there the agent, bailee and trustee of, and contractor to supply labor and material for one J. F. McGogy, then and there did have entrusted to her and have in her possession, custody and control as and by virtue of being such agent, bailee, trustee and contractor to supply labor and materials, two thousand seven hundred fifty dollars of the value of two thousand seven hundred fifty dollars in lawful money of the United States, the property of said J. F. McGogy; and she, said Anna B. Williams, then and there wilfully, unlawfully, fraudulently and feloniously did secrete, withhold and appropriate the same to her own use with intent to deprive and defraud said J. F. McGogy thereof."

Thereafter she interposed a demurrer, which was sustained on the ground that the statute was unconstitutional.

On May 26, 1924, a second information was filed in the same cause. On June 10, 1924, a motion to strike and a demurrer were filed against this second information, and, on the same day, an order was entered striking the second information.

On August 13, 1924, the state prepared an order which was signed in the lower court, reciting that the information had been stricken; that the state refused

to proceed further, and the action was thereupon dismissed. The state appealed from the order of dismissal, and this court held in *State v. Williams,* 133 Wash. 121, 233 Pac. 285, that the statute was constitutional; that the information was sufficient, and that the court erred in sustaining the demurrer on that ground.

After the proceeding had been remanded, the state brought the case to trial on the first information which was filed May 1, 1924. At the inception of the trial, counsel for appellant demanded to know which information the trial was to be had upon, and the court and counsel for the state stated that the trial was to be had on the information filed May 1.

[1] Appellant now contends that the state appealed from the order of dismissal on the second information, and that, over the objection of appellant, she was tried and convicted on the first information. It is asserted that the second information is not identical with the first, but varies in material allegations.

The record in the case, reported in 133 Wash. 121, discloses that the state appealed from the sustaining of the demurrer to the information filed May 1, 1924, at which time another information had been filed on December 14, 1924, alleging another offense under the same contract, which were both appealed at the same time. The other appeal was dismissed on the ground that the same question was involved in *State v. Williams,* 134 Wash. 703, 235 Pac. 1119.

The arguments in the briefs in the cause decided in 133 Wash. 121, of both appellant (the state in that case) and respondent (now appellant) showed that the information of May 1, 1924, was the one considered and the one upon which all the arguments were based.

After full consideration in this court, it was held that the demurrer was improperly sustained and the judgment was reversed.

It must be presumed that, when this court passed upon the questions raised by the demurrant to the information, the law of this case was made. We held that this identical information states facts sufficient to constitute the crime of grand larceny under the statute, Rem. Comp. Stat., § 2604 [P. C. § 8947]; *Smith v. Seattle*, 20 Wash. 613, 56 Pac. 389; *Pacific Power & Light Co. v. White*, 104 Wash. 528, 177 Pac. 313; *State ex rel. Davis v. Johns*, 139 Wash. 525, 248 Pac. 423.

[2] An instruction is complained of as to the third subdivision thereof, reading:

"That as such agent and contractor the defendant, Anna B. Williams, did have entrusted to her and have in her possession, custody and control, money in the amount of an account stated on the contract for the payment of said labor and materials."

The phrase, "On an account stated" is included in the statute in the alternative, after the provision that anyone who shall receive the full price or consideration thereof shall be deemed to receive the same as agent of the party with whom such contract was made, etc. That clause "or on account stated" in this statute is in itself rather meaningless.

No authority is cited and no argument is made in support of this claim, except that it is stated that it is clearly erroneous.

It probably is excessive under the allegations of the information, since there was no allegation in the information that the money was received on an account stated. We do not consider it prejudicial, however, for the reason that the jury doubtless did not understand that there was any difference between an account stated and receiving the full price of the contract. The burden is upon the appellant in such case to show prejudice. We are unable to say that there is any manifest prejudice in that portion of the instruction.

[3]  Appellant also contends that the evidence only goes so far as to show that appellant came into the possession of $2,750 on an $8,000 contract; that she used part of the money for her own purposes, and the rest of the contract price was never tendered to her at any time; and that there was no proof in the case that any lien had been placed on the property of McGogy.

The evidence showed that appellant received $2,750, the property of McGogy, which was agreed in the contract she was to receive when the foundation of the dwelling house contracted for was completed.  Eight days after the beginning of the work on the dwelling house, appellant ceased operations thereon, and nothing was ever thereafter done.  She paid about $158.75 on labor bills, the entire balance being used by herself personally.  One of the laborers testified that he never received thirty dollars due him for his services on the premises, and that four other men were also employed by appellant.  It was not necessary that a lien be filed for any such services, but only necessary that services were rendered for which a lien could be filed.

We have examined the record of the evidence, and are satisfied that a case was made sufficient to go to the jury.

The judgment is, therefore, affirmed.

TOLMAN, C. J., MITCHELL, MAIN, and FULLERTON, JJ., concur.