[No. 36-40246-1. Division One. December 29, 1969.]
Panel 2

THE STATE OF WASHINGTON, *Respondent*, v. THOMAS
WILLIAM MCDONALD, *Appellant*.

*Heiman & Samboni* and *Donald R. Douglas*, for appellant.

*Charles O. Carroll, Prosecuting Attorney*, and *Jerry Brian Riess, Deputy*, for respondent.

STAFFORD, J.—The defendant, Thomas McDonald, appeals from a jury verdict which found him guilty of petit larceny. Error is assigned to the trial court's failure to direct a verdict of not guilty.

We are required to test the sufficiency of the evidence by considering only that evidence most favorable to the state and drawing every reasonable inference there-

from. If there is substantial evidence to support the jury's verdict, it must stand. *State v. Basford,* 76 Wn.2d 522, 457 P.2d 1010 (1969); *State v. Hendrickson,* 1 Wn. App. 61, 459 P.2d 55 (1969).

Defendant contends there is no proof he secreted, withheld or appropriated to his *own* use, the funds of Mrs. Overgard. However, he was not only accused of secreting, withholding and appropriating funds to his *own* use, but also *"to the use of a person other than the true owner or the persons entitled thereto."* (Italics ours.) In light of the applicable test, there was sufficient evidence upon which to base a verdict of guilty.

There was evidence from which the jury could have found the following facts. The defendant, a building contractor and sole owner of City Remodeling Company, contracted with Mrs. Overgard to remodel her home.

Mrs. Overgard made several progress payments as the work proceeded, but withheld the final payment of $957.10 because of defendant's failure to complete certain sheet metal work. As a result, defendant personally ordered Crescent Sheet Metal Company to perform the work. He was informed by Crescent that they would do the work on a "cash basis" payable upon completion. Defendant told Crescent to "send the bill to City Remodeling Company." The work was promptly completed and on the same day a bill for $65.35 was sent to defendant's business address.

Prior to the final payment Mrs. Overgard received a telephone call from White Lumber Company. White informed her that defendant still owed approximately $840 for materials used on her project. Mrs. Overgard was asked to make the final check payable jointly to defendant and to White.

Approximately 2 days after the sheet metal work was completed, defendant again asked for final payment. He was informed of White's request and agreed to receive payment in the manner suggested. Defendant prepared the $957.10 check for Mrs. Overgard's signature. After deduct-

ing the $840 owed to White, defendant was entitled to a balance of approximately $117.

Defendant assured Mrs. Overgard both orally and in writing that all bills, labor and materials had been or would be paid. Thereafter, he personally endorsed the check over to White. The endorsement read: "Payment on Overgard & *Finn Job* City Remodeling Co. Tom McDonald" (Italics ours.) Nothing was paid to Crescent.

A few days later Crescent's manager called City Remodeling concerning payment of the work done for Mrs. Overgard. An answering service took the call and asked Crescent to leave a telephone number. The defendant failed to return that call or 15 other calls made during the next 2 months. Crescent sent several additional bills to defendant's address. Each had a return address and none was returned. Cresent's representative went to defendant's place of business and found no one there. A visit was made to a place originally given as defendant's "home address" only to find that it was not his home. Finally, Crescent referred the bill to a collector and filed a materialman's lien against the Overgard home.

Defendant asserts he could not have appropriated the funds to his *own* use because he never had control of the check. He did, however, have control over a portion of the funds. Defendant was entitled to the balance of approximately $117 when he endorsed the check to White. As Mrs. Overgard's contractor-agent, he was obligated to pay the Crescent account from the remaining funds. Nevertheless, he exercised his control over the funds and directed payment of the balance to another, unrelated job. By so doing he appropriated those funds to the use of persons other than the true owner or person entitled thereto.

Defendant suggests he was not obligated to pay the Crescent account because there was no proof he received a bill. We disagree. Defendant ordered the work done, knew it was to be a "cash" transaction, directed that the bill be sent to City Remodeling Company, knew the Crescent job was completed, knew that he was obligated to pay and knew

that he had not paid it (whatever the amount). The "bill" was not the debt, it was merely a record of the amount due. There was substantial evidence from which the jury could have concluded that defendant intentionally avoided paying the Crescent account. Defendant could not discharge his statutory obligation by simply avoiding the creditor.

 Error is assigned to the trial court's refusal to sustain an objection to a question that elicited a hearsay statement by Mrs. Overgard. Our attention has been directed to no actual prejudice and we find none. No case has been cited to support an assertion that the admission of inadvertent hearsay testimony is ipso facto reversible error. We will not consider the matter further. *State v. Brewster,* 75 Wn.2d 137, 449 P.2d 685 (1969); *Seattle v. Schaffer,* 71 Wn.2d 600, 430 P.2d 183 (1967).

Defendant contends that RCW 9.54.010, insofar as it applies to contractors, violates article 1, section 17 of the Washington State Constitution because the statute authorizes imprisonment for debt. This theory was rejected in *State v. Williams,* 133 Wash. 121, 233 P. 285 (1925).

 Finally, it is urged insofar as contractors are concerned, RCW 18.27.020 and RCW 18.27.040 impliedly repeal RCW 9.54.010(3) and RCW 9.54.080. We do not agree. The latter statutes pertain to larceny by embezzlement and provide a *criminal* remedy against contractor-agents. Defrauded builders are given no civil relief, however. RCW 18.27.020 and RCW 18.27.040 provide *civil relief* against a bond. The only criminal penalty found therein attaches to noncompliance with the registration and bonding provisions. Although both provisions protect builders, they do so by means that are supplemental and are not inconsistent.

 The repeal of statutes by implication is not favored. *State v. Adams,* 76 Wn.2d 650, 458 P.2d 558 (1969); *State v. Becker,* 39 Wn.2d 94, 234 P.2d 897 (1951). Where the evils which an act is designed to remedy are different from those for which a prior act provides, or where they do not relate to the same object or purpose, there is no repeal by implication. 50 Am. Jur. *Statutes* § 545 (1944).

Defendant received Mrs. Overgard's funds as her contractor-agent. RCW 9.54.080. His failure to pay Crescent and his direction of funds to a different account were clearly in violation of RCW 9.54.010 (3).

The judgment is affirmed.

HOROWITZ, A. C. J., and UTTER, J., concur.