## SONS v. STATE.

### Opinion delivered January 18, 1915.

RECEIVING STOLEN PROPERTY—UNEXPLAINED POSSESSION—QUESTION FOR JURY—EVIDENCE.—The unexplained possession of property recently stolen constitutes evidence legally sufficient to warrant a conviction of larceny or the crime of knowingly receiving stolen property; but in a prosecution for the latter crime, an instruction that such evidence is sufficient to sustain a conviction amounts to an instruction on the weight of the evidence and is, for that reason, an invasion of the province of the jury.

Appeal from Jackson Circuit Court; *R. E. Jeffery,* Judge; affirmed.

*Stuckey & Stuckey,* for appellant.

1.   The gist of the offense is knowledge that the property was stolen. It is so charged in the indictment. There must be proof of knowledge and intent to deprive the true owner of the property. Instruction No. 3 was misleading. 34 Ark. 446; 58 *Id.* 578.

2.   The testimony of an accomplice must be corroborated, unless confederacy be proved *aliunde.* Wharton, Cr. Law (8 ed.), § 982a.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1.  Instruction No. 3 was correct. 92 Ark. 587, 593.

2.  The evidence was sufficient to sustain the conviction. Even if the thief was an accomplice, his evidence was sufficiently corroborated. 90 Ark. 457.

McCulloch, C. J. Appellant was convicted of the crime of receiving stolen property, under an indictment which charged that he knowingly received twenty-four boxes of thread, of the value of $14.40, which had been stolen from one Heinemann, the owner. The evidence shows that Lawrence Clark stole the property from the store of Heinemann, where he was working as porter, and sold it to appellant, and that upon information given by Clark an officer found it in appellant's possession. Appellant admitted that he received the property from Clark, but claimed that he purchased it in good faith from the latter in reliance on his statement that he had found the property in a vacant store house which he was cleaning out. Clark testified that he stole the property and sold it to appellant, and he was corroborated by circumstances adduced in evidence which were sufficient to warrant a finding that appellant received the property with guilty knowledge that it had been recently stolen from the owner. The evidence was sufficient, therefore, to sustain the verdict.

Error of the court is assigned in giving the following instruction, over appellant's objection:

"3. I further instruct you that the possession of goods recently stolen is *prima facie* evidence tending to establish the guilt of one in whose hands such goods are so found, and may be considered by you as tending to establish the guilt of the defendant in this case, unless the defendant has made an explanation to you explaining his possession. And such explanation is a reasonable one."

We have held in repeated decisions that unexplained possession of property recently stolen constitutes evidence legally sufficient to warrant a conviction of larceny or of the crime of knowingly receiving stolen property;

but that an instruction that such evidence is sufficient to sustain a conviction amounts to an instruction on the weight of the evidence and is, for that reason, an invasion of the province of the jury.

In *Duckworth* v. *State,* 83 Ark. 192, the instruction told the jury that "the possession of property, recently stolen, unexplained, is evidence of the defendant's guilt," and that if such unexplained possession is corroborated by other evidence tending to connect the accused with the larceny, "then you will find them guilty."

In *Thomas* v. *State,* 85 Ark. 138, the court charged the jury that "the possession of property recently stolen, unexplained, * * * would be sufficient under this indictment to sustain a conviction."

In each of those cases, we held that the instructions given were erroneous for the reason that they were on the weight of the evidence.

In *Boykin* v. *State,* 34 Ark. 443, the court charged the jury that "possession of stolen property recently stolen is *prima facie* evidence of the guilt of the party in whose possession the property is so found, unless the possession is satisfactorily accounted for by the evidence." The court, in discussing that instruction, said: "The instruction given by the court is literally correct. Possession of property recently stolen, without reasonable explanation of that possession, is evidence of guilt to go to the jury for their consideration. In this sense, it is *prima facie* evidence, but not in the sense that it is such evidence as must compel the jury to a conviction, unless it be rebutted. It would have been better to have modified the instruction complained of, so as to impress upon the jury the idea that the evidence went to them for their consideration, under all the circumstances, to be weighed as tending to show guilt, but not imperatively imposing upon the jury the duty of conviction, unless rebutted. The defendant, however, asked no such explanation, and the instruction is not erroneous."

The instruction given in that case was, as is readily seen, stronger and more objectionable than the one given

in the present case, for it told the jury unqualifiedly that "possession of stolen property recently stolen is *prima facie* evidence of the guilt of the party."

The instruction in the present case merely states that "the possession of goods recently stolen is *prima facie* evidence tending to establish the guilt," etc. The effect of that instruction, when fairly interpreted, was to state the proposition that unexplained possession of property recently stolen warranted the consideration of that fact as evidence tending to establish guilt. It does not mean that proof of such fact constitutes *prima facie* evidence of guilt sufficient to sustain a conviction.

In *Hogue* v. *State*, 93 Ark. 316, which was a murder case, the trial court charged the jury that certain facts in proof were "circumstances which tend to establish the defendant's guilt," and it was insisted here that this constituted an instruction on the weight of the evidence. In disposing of that contention, we said: "Now, to say that a thing tends or has a tendency to establish a certain state of facts is not a declaration as to the weight to be given to it, but is a mere statement that it is directed toward or moves in the direction of a certain result, the degree of its force not being mentioned. To say that a circumstance tends to prove the issue is no more than saying that it may be considered for the purpose of determining the issue." The objection made by appellant to the instruction under consideration was a general one, and the court was not asked to modify or explain it, nor was the objection now made to it specifically called to the attention of the court. The court, in another instruction, told the jury that they were "the sole judges of the weight and sufficiency of the evidence." We are of the opinion, therefore, that the record does not present any error of the trial court which calls for a reversal of the judgment. Affirmed.

HART, J., dissents.