PEARROW v. STATE.

Opinion delivered November 22, 1920.

1. LARCENY—INSTRUCTION—WEIGHT OF EVIDENCE.—In grand larceny an instruction that "the possession of property recently stolen and unexplained by the defendant affords presumptive evidence of his guilt" is erroneous as being on the weight of the evidence.

2. LARCENY—POSSESSION OF STOLEN PROPERTY.—Possession of property recently stolen and unexplained by the defendant is a circumstance which may be proved and may be considered by the jury; and if, in connection with the other facts and circumstances proved in the case, it induces in the minds of the jury a belief beyond a reasonable doubt of the defendant's guilt, it becomes sufficient to warrant a conviction.

3. CRIMINAL LAW—INSTRUCTIONS.—Error of the court in charging that unexplained possession of recently stolen property is presumptive of guilt was not cured by telling the jury in the same instruction that such possession is a fact from which an inference of guilt may be drawn.

4. CRIMINAL LAW—PROOF OF CORPORATE EXISTENCE.—Where the ownership of property alleged to have been stolen was charged to be in a certain railroad company, "a corporation," it was only necessary for the State to prove the *de facto* existence of the corporation, and evidence of general reputation of its corporate existence was sufficient.

5. LARCENY—OWNERSHIP OF PROPERTY.—In a prosecution for larceny the ownership, general or special, of the property alleged to have been stolen must be proved.

6. WITNESSES—CROSS-EXAMINATION.—On cross-examination of defendant's father in a prosecution for larceny, it was error to permit questions concerning articles of merchandise found in his possession which were not alleged or shown to have been recently stolen.

7. CRIMINAL LAW—IMPROPER CROSS EXAMINATION—HARMLESS ERROR. —In a prosecution for grand larceny, error of the court in permitting the cross-examination of defendant's father concerning articles found in his possession not alleged or shown to have been recently stolen was not prejudicial where such possession was explained by the witness.

Appeal from White ·Circuit Court; *J. M. Jackson,* Judge; reversed.

*Brundidge & Neelly* and *G. G. McKay,* for appellant.

1. The court erred in instructing the jury as to the effect of the possession of recently stolen property. 140 Ark. 413; 116 Ark. 357; 83 *Id.* 192; 125 *Id.* 260.

2. It was error to permit the witness Jones to testify that the Missouri Pacific Railway Company was a corporation. 58 Ark. 98; 108 *Id.* 339; 84 *Id.* 140.

3. Also to permit the State's attorney to question Green Pearrow relative to certain articles found in his house. 120 Ark. 143; 8 R. C. L., § 194.

*John D. Arbuckle,* Attorney General, and *Silas W. Rogers,* Assistant, for appellee.

1. The objectionable part of instruction No. 2 was so modified or defined as to eliminate any idea of a charge upon the weight of the evidence. As given, it in no way invaded the province of the jury. 91 Ark. 495; 79 *Id.* 432; 119 *Id.* 163. The instruction as modified and as a whole is unobjectionable. 134 Ark. 413.

2. The questions and answers objected to were undoubtedly admissible. 120 Ark. 123.

Wood, J. The appellant was indicted with Clyde Pearrow for burglary and grand larceny in White County, Arkansas, alleged to have been committed on the 1st day of December, 1919. He was tried separately. The burglary was alleged to have been committed by feloniously breaking and entering a box car being in possession of the Missouri Pacific Railroad Company, a corporation, with an intent to steal four bolts of dress goods of the value of $60, thirty-six window shades of the value of $72, and sixteen cases of cigarettes of the value of $1,280, the property of the railroad company, a corporation.

A witness testified that he and Clyde Pearrow broke into two cars on the night of the alleged burglary and took therefrom sixteen cases of cigarettes, some dress goods, and window blinds. Witness supposed that the appellant took his part home with him. Witness sold two cases of the cigarettes for appellant to Otis Parham.

Parham testified that he bought 20,000 cigarettes from the appellant about the last of January, 1920, for which he paid him $65. The cigarettes were delivered by one Lotis Lockaby. Clark Pearrow said they were his, and he gave him a check for $65.

Sheriff Plant testified that he searched appellant's house and found some dress goods—two pieces of cloth. Another witness testified that he was present when appellant's house was searched and found thirty-three yards of cloth, two kinds, one red-checkered and the other blue. There were three or four pieces. Over the objection of appellant, witness testified that the Missouri Pacific Railroad Company was a corporation.

Green Pearrow, the father of appellant, was introduced as a witness in appellant's behalf. He testified that the officer searched his house at the time they searched appellant's. Over the objection of appellant,

the prosecuting attorney was allowed to question this witness as to certain articles of merchandise that were found in his house, which articles embraced many things not alleged to have been recently stolen.

The court gave certain instructions, and among others, the following: "You are instructed that the possession of property recently stolen and unexplained by the defendant, affords presumptive evidence of his guilt. Such possession is a circumstance which may be proved and taken into consideration by the jury, and if, in connection with the other facts and circumstances proved in the case, it induces in the minds of the jury a belief, beyond a reasonable doubt, of the guilt of the defendant, it becomes sufficient to warrant a conviction."

Appellant objected generally and specifically to the giving of this instruction on the ground that it was a charge upon the weight of the evidence. The trial resulted in a judgment of conviction, from which is this appeal.

The court erred in telling the jury "that the possession of property recently stolen and unexplained by the defendant affords presumptive evidence of his guilt." This language was an instruction on the weight of the evidence which was condemned by this court as erroneous and prejudicial in the quite recent case of *Long* v. *State,* 140 Ark. 413, when we said:

"The rule is that the unexplained possession of recently stolen property is a fact from which an inference of guilt may be drawn." It is wholly within the province of the jury to draw or not to draw such an inference, and it is an invasion of the province of the jury to tell them, as a matter of law, that the unexplained possession of recently stolen property raises a presumption of guilt. Other cases holding to this effect are cited in *Long* v. *State, supra.* The latter part of the instruction is a correct statement of the law, but it did not cure the vice of the language of the first part, just quoted.

There was no testimony that the property alleged to have been stolen was the property, or in possession, of the Missouri Pacific Railroad Company. Since the ownership of the property was alleged to be in the Missouri Pacific Railroad Company, a corporation, it was only necessary for the State to show the *de facto* existence of the corporation. Evidence of general reputation of its corporate existence was competent and sufficient to prove it. Section 3984, Kirby's Digest; *Fleener* v. *State,* 58 Ark. 98; *Mears* v. *State,* 84 Ark. 136-140; *Brown* v. *State,* 108 Ark. 339; 3 Bish., New Criminal Procedure, § 752.

The ownership, general or special, of the property alleged to have been stolen should have been proved. The cross-examination of the witness, Green Pearrow, concerning the articles of merchandise found in his possession, but which were not alleged or shown to have been recently stolen, was improper and should not have been permitted by the court. The possession of these articles, however, was explained by him, and no prejudicial error to appellant could have resulted in such examination. But the other errors indicated were prejudicial, and for these errors the judgment will be reversed and the cause remanded for a new trial.