BARRON v. STATE.

Opinion delivered October 2, 1922.

1. CRIMINAL LAW—INSTRUCTION ON POSSESSION OF STOLEN PROPERTY. —In a prosecution for cattle theft, an instruction that "the possession of property recently stolen, without reasonable explanation of that possession, is evidence which goes to you for your consideration, under all the circumstances of the case, to be weighed as tending to show the guilt of one in whose hands such property is found, but such evidence alone does not imperatively impose upon you the duty of convicting, even though it is not rebutted," *held* not objectionable as on the weight of the evidence; and objection that the instruction was argumentative in using the word "imperative" should have been made specifically.

2. CRIMINAL LAW—REPETITION OF INSTRUCTIONS.—Refusal of instructions sufficiently covered by other instructions *held* not error.

3. WITNESSES—CROSS-EXAMINATION OF ACCUSED AS TO OTHER CRIMES. —In a prosecution for larceny it was not error to allow the State on cross-examination to ask defendants, for the purpose of testing their credibility, whether they had not recently been engaged in selling whiskey.

4. NAMES—IDEM SONANS.—An indictment for larceny charging ownership of the stolen property in Ad Stewart, when his name was Ab Stewart, was not a fatal variance; the names being *idem sonans.*

5. LARCENY—ADMISSIBILITY OF EVIDENCE.—In a prosecution for cattle theft, in which defendants claimed to have purchased the stolen cattle from a big man with a dark complexion, testimony of a third person that two years previously he had bought cattle from a dark-complexioned man weighing about 180 pounds was inadmissible both as being too remote and because there was no evidence that the men were the same, and in view of the fact that the cattle bought by the witness did not belong to the prosecuting witness.

Appeal from Greene Circuit Court, Second Division; *R. E. L.* Johnson, Judge; affirmed.

### STATEMENT OF FACTS.

George Barron and Earnest Barron were separately indicted for the crime of grand larceny charged to have been committed by stealing three head of cattle of the value of $20 each, in Greene County, Ark.

The indictment against George Barron alleged the ownership in Ab Stewart, and the indictment against Earnest Barron placed it in Ad Stewart. By consent the cases were consolidated and tried together.

It appears from the record that within a year before the indictments were returned, the defendants drove two head of cattle from the range several miles southeast of Paragould, in Greene County, Arkansas, to the home of Herman Guetzeit in said county.

It was further proved that the two head of cattle belonged to Ab Stewart, who had not sold the cattle, and who had not authorized the defendants to drive them out of the range or to sell them. Guetzeit paid the defendants $60 for the cattle, which was the market price. In a few days after they were taken, Ab Stewart located the cattle and demanded possession of them. Upon the refusal to surrender possession to him, Stewart obtained possession of them by a writ of replevin, and afterwards the defendants reimbursed Guetzeit.

Other evidence tended to show that the defendants had stolen the cattle. The defendants claimed to have bought the cattle, and introduced proof to establish their claim.

The jury returned a verdict of guilty and fixed the punishment of the defendants at one year each in the State Penitentiary.

From the judgment and sentence of conviction, the defendants have duly prosecuted an appeal to this court.

*M. P. Huddleston,* for appellants.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants.

HART, J. (after stating the facts). The first assignment of error is that the court erred in giving instruction No. 10, which is as follows:

"You are instructed that the possession of the property recently stolen, without reasonable explanation of that possession, is evidence which goes to you for your consideration, under all the circumstances of the case, to be weighed as tending to show the guilt of one in whose hands such property is found, but such evidence alone does not imperatively impose upon you the duty of convicting, even though it is not rebutted."

Counsel for the defendant relies upon the cases of *Duckworth* v. *State,* 83 Ark. 192, and *Pearrow* v. *State,* 146 Ark. 182.

An examination of the Duckworth case will show that the instruction condemned was materially different from the one now under consideration. The instruction under consideration in that case was No. 5, and an examination of it shows the vice of it was in the court's telling the jury that the possession of property recently stolen, unexplained, when corroborated by other evidence, was sufficient to convict, and that if the jury believed from the evidence that the defendant was found in the possession of the goods immediately after the store was burned and that the possession was corroborated by other evidence tending to connect the defendants with the larceny, it should find them guilty.

The court properly held that this was a charge upon the weight of the evidence and fell within the prohibition of the Constitution. It was not proper to tell the jury that it was their duty to convict the defendants if they

were found in the possession of goods recently stolen and that such possession was corroborated by other evidence. It was within the exclusive province of the jury to pass upon the weight to be given to the evidence. Here the court went no further than to tell the jury that such evidence was for its consideration. The court also told the jury that such evidence alone did not imperatively impose upon it the duty of convicting, even though such evidence was not rebutted.

While the form of the instruction is faulty in using the word, "imperatively," before the words, "impose upon you the duty of" etc., in the concluding part of the instruction, still, if counsel for the defendant thought that this made the instruction argumentative, a specific objection should have been made and the defect pointed out to the court. If this had been done, doubtless the court would have corrected the form of the instruction to meet the objection made to it.

So, too, in the Pearrow case the trial court erred in telling the jury that the possession of property recently stolen and unexplained by the defendant afforded presumptive evidence of his guilt. This was a charge upon the weight of the evidence and fell within the ban of the Constitution.

As we have already stated, no such vice appears in the instruction quoted above, and we hold that the assignment of error is not well taken.

The court did not err in refusing an instruction asked by the defendant on this point, because the instruction asked was sufficiently covered by the instruction given, and the court is not required to multiply instructions on the same point.

Again, it is insisted that the court erred in allowing the State to ask the defendants if they had not recently been engaged in the business of selling whiskey.

There was no error in this regard. It is against the law to sell whiskey, and the accused in a criminal case may, for the purpose of testing his credibility, be questioned on cross-examination as to his having been a

gambler and as to other offenses and immoralities. *Shinn v. State,* 150 Ark. 215.

The indictment against George Barron charged the ownership of the property stolen in Ab Stewart, and the indictment against Earnest Barron charged the ownership in Ad Stewart. This court has repeatedly held that in an indictment for larceny the allegation of ownership is material and must be proved as alleged. It appears from the record that Ab Stewart was the owner of the cattle stolen.

In *Mooney v. State,* 137 Ark. 410, it was held that there was sufficient similarity in the sound of the names "Fincher" and "Fancher" to bring the case within the well recognized doctrine of *idem sonans.* So here the words "Ab" and "Ad" bring the case within this rule.

The next assignment of error is that the court erred in refusing to allow Allie Reed to testify that he had bought cattle from a dark-complexioned fellow weighing about 180 pounds, and that the cattle which he purchased turned out to have been stolen from one of his neighbors.

The defense was that the defendants had bought the stolen cattle in the present case from a large-sized dark-complexioned man, and they contend that the testimony of Allie Reed was competent to corroborate their testimony.

In the first place, the occurrence testified to by Allie Reed happened about two years before the Barron boys were charged with stealing the cattle in the present case. It was therefore too remote in point of time to be of any value as corroborating testimony.

In the next place, the evidence is too general. Testimony that Reed bought cattle from a dark-complexioned man, heavy in weight, does not establish the fact that the defendants also bought cattle from that man. There is nothing in the record even to show that the men were the same ones, and the testimony of Reed shows that the cattle he bought did not belong to Stewart but to another man in the neighborhood.

The same assignment of error is made with regard to the testimony of Jim Melton, which was also excluded from the jury for the same reason.

It follows that the judgment must be affirmed.