HOLCOMB *v.* STATE.

4623            230 S. W. 2d 487

Opinion delivered June 5, 1950.

*Hebert & Dobbs,* for appellant.

*Ike Murry,* Attorney General and *Jeff Duty,* Assistant Attorney General, for appellee.

HOLT, J. A jury found appellant guilty of larceny of a cow (Ark. Stats. 1947, § 41-3917,—Pope's Digest, § 3140) and fixed his punishment at one year in the Penitentiary. From the judgment is this appeal.

For reversal, appellant contends that (1) the evidence was not sufficient to support the verdict and (2) that the court erred in giving the State's requested instruction No. 2.

### (1)

The evidence as to appellant's guilt was in the sharpest conflict. That on the part of appellant was to the effect that he, in good faith, purchased the cow in question from the owner, Mancel Robbins, the complaining witness, paid cash for her, and later sold the cow. The testimony on the part of the State was to the effect that Robbins owned the cow and never at any time sold the cow to appellant. Whether appellant had bought the cow from Robbins, as he claimed, or was guilty of larceny of the cow, as the testimony on the part of the State tended to show, presented a fact question for the jury.

We have reached the conclusion, however, that appellant's second contention, that the court erred in giving the State's instruction No. 2, must be sustained.

Instruction No. 2 provides: "You are instructed if you find from the evidence in this case beyond a reasonable doubt that the defendant, Oscar Holcomb, was in possession of a cow recently stolen from Mancel A. Robbins, and that possession is not explained to the satisfaction of the jury, such possession is sufficient to sustain a conviction of larceny."

Appellant's objection was as follows: "The defendant objects and excepts to the giving to the jury of State's requested Instruction Number 2 generally and specifically; generally, on the grounds that the instruction is not the law, and specifically, on the grounds that the instruction is vague, indefinite, general and uncertain; and, second, that it tells the jury that the defendant was in possession of a cow recently stolen from Mancel A. Robbins, when the evidence shows that possession of the cow was in possession of a man named Gregory at Mor-

rilton, Arkansas; and the defense further objects to said instruction on the grounds that it inferentially tells the jury that the cow was stolen, when that is one of the points in issue in the case.''

We hold that the instruction was inherently wrong since, in effect, it was on the weight of the evidence and an invasion of the province of the jury.

In *Sons* v. *State,* 116 Ark. 357, 172 S. W. 1029, we said: ''We have held in repeated decisions that unexplained possession of property recently stolen constitutes evidence legally sufficient to warrant a conviction of larceny or of the crime of knowingly receiving stolen property; but that an instruction that such evidence is sufficient to sustain a conviction amounts to an instruction on the weight of the evidence and is, for that reason, an invasion of the province of the jury.

''In *Duckworth* v. *State,* 83 Ark. 192, 103 S. W. 601, the instruction told the jury that 'the possession of property, recently stolen, unexplained, is evidence of the defendant's guilt,' and that if such unexplained possession is corroborated by other evidence tending to connect the accused with the larceny, 'then you will find them guilty.'

''In *Thomas* v. *State,* 85 Ark. 138, 107 S. W. 390, the court charged the jury that 'the possession of property recently stolen, unexplained, * * * would be sufficient under this indictment to sustain a conviction.'

''In each of these cases, we held that the instructions given were erroneous for the reason that they were on the weight of the evidence.''

In *Mays* v. *State,* 163 Ark. 232, 259 S. W. 398, we said: ''The court gave, over appellant's objection, an instruction numbered 3, which advised the jury that the finding of stolen property in the possession of another, shortly after the said property had been stolen, raises a presumption of guilt as against the person in whose possession the same is found, but that this presumption is a rebuttable one, and that, if this possession is explained to the satisfaction of the jury, the presumption is over-

come, and should not be considered as any evidence against the accused. After so announcing the law, the court proceeded in the same instruction to say that the finding of the property in the possession of the defendant was not itself sufficient to warrant a conviction, but was merely a circumstance to be considered by the jury in passing on defendant's guilt or innocence, and that he should not be convicted unless they were convinced, beyond a reasonable doubt, that defendant knew the dresses were stolen when he received them.

We have here an instruction which contains the error which has been frequently condemned by this court as prejudicial. A recent case is that of *Pearrow* v. *State*, 146 Ark. 182, 225 S. W. 311, where it was said: "The court erred in telling the jury 'that the possession of property recently stolen and unexplained by the defendant affords presumptive evidence of his guilt.' This language was an instruction on the weight of the evidence, which was condemned by this court as erroneous and prejudicial in the quite recent case of *Long* v. *State*, 140 Ark. 413, when we said: 'The rule is that the unexplained possession of recently stolen property is a fact from which an inference of guilt may be drawn.' It is wholly within the province of the jury to draw or not to draw such inference, and it is an invasion of the province of the jury to tell them, as a matter of law, that the unexplained possession of recently stolen property raises a presumption of guilt. Other cases holding to this effect are cited in *Long* v. *State, supra*. The latter part of the instruction is a correct statement of the law, but it did not cure the vice of the language of the first part, just quoted."

Appellee relies strongly on the case of *Shoop* v. *State*, 209 Ark. 498, 190 S. W. 2d 988. That case, however, is clearly distinguishable. It reaffirms the general rule announced in *Sons* v. *State*, above, in this language: "This court has long followed the rule that the possession of recently stolen property, if unexplained to the satisfaction of the jury, is (evidence legally) sufficient to sustain a conviction either of larceny or receiving stolen property," but as pointed out in the Sons case

above, "an instruction that such evidence is sufficient to sustain a conviction amounts to an instruction on the weight of the evidence and is, for that reason, an invasion of the province of the jury."

Such we hold to be the effect, as indicated, of instruction No. 2, above.

There was no instruction such as we have here involved in the Shoop case.

For the error in giving instruction No. 2, the judgment is reversed and the cause remanded for a new trial.