LOTT *v.* STATE.

4771                                    268 S. W. 2d 891

Opinion delivered June 14, 1954.

*George F. Edwardes* and *Harkness & Friedman,* for appellant.

*Tom Gentry,* Attorney General, *Thorp Thomas,* Assistant Attorney General, for appellee.

J. Seaborn Holt, J. November 30, 1953, a jury returned a verdict of guilty of the crime of possessing stolen property (Section 41-3934, Ark. Stats. 1947) against both appellants, Gladys and Maxie Lott, and fixed the punishment of each at a term of three years in the State Penitentiary. From the judgment is this appeal.

For reversal, appellants set forth thirteen assignments of alleged errors. Assignment No. 9 was, in effect, that the trial court erred in instructing the jury in its instruction No. 5 to the effect that possession of recently stolen property would be sufficient, if unexplained, to sustain a conviction of receiving stolen property, for the reason that this instruction amounted to a comment upon the weight of the evidence and a charge upon the facts.

After a careful review of the record, we have concluded that the trial court erred in giving, over appellants' exceptions and objections, instruction No. 5, which we presently consider. But for this error we would affirm the case.

Since we are reversing and remanding the case for a new trial, we point out, as indicated, that all other assignments of alleged errors are without merit and we do not discuss them.

Instruction No. 5 to which appellants object contains this language: "Now, Gentlemen of the jury, the defendants are also charged in count two with receiving stolen property knowing it to be stolen;

"The law provides that: 'Whoever shall receive or buy any stolen goods, money or chattels, knowing it to be stolen, with intent to deprive the true owner thereof, shall be upon conviction, punished as it, or may be, by law prescribed for the larceny of such goods or chattels.'

"In this connection, you are instructed that in a prosecution for receiving stolen goods, proof of receiving the stolen goods or being in possession thereof knowing them to be stolen is an essential element of the offense. *It is not sufficient, Gentlemen, to merely show*

*that the goods were stolen, and that the defendants were
in possession thereof, but the possession of recently stolen
property, if unexplained to the satisfaction of the jury,
is sufficient to sustain a conviction of receiving stolen
property.* It is for your determination to find whether
or not at the time the defendants came into possession
thereof, if in fact they were in possession thereof, know-
ing them to be stolen, they did so with the intent to de-
prive the true owner of the value thereof."

The sentence above in italics (supplied) constitutes
the vice in the instruction.

We hold that the instruction was inherently wrong
since, in effect, it was on the weight of the evidence and
an invasion of the province of the jury. Such was the
effect of our holding in the recent case of *Holcomb* v.
*State,* 217 Ark. 407, 230 S. W. 2d 487, wherein we said:

"In *Sons* v. *State,* 116 Ark. 357, 172 S. W. 1029, we
said: 'We have held in repeated decisions that unex-
plained possession of property recently stolen constitutes
evidence legally sufficient to warrant a conviction of
larceny or of the crime of knowingly receiving stolen
property; but that an instruction that such evidence is
sufficient to sustain a conviction amounts to an instruc-
tion on the weight of the evidence and is, for that reason,
an invasion of the province of the jury.

" 'In *Duckworth* v. *State,* 83 Ark. 192, 103 S. W. 601,
the instruction told the jury that 'the possession of prop-
erty, recently stolen, unexplained, is evidence of the de-
fendant's guilt,' and that if such unexplained possession
is corroborated by other evidence tending to connect
the accused with the larceny, 'then you will find them
guilty.'

" 'In *Thomas* v. *State,* 85 Ark. 138, 107 S. W. 390,
the court charged the jury that "the possession of prop-
erty recently stolen, unexplained, . . . would be suffi-
cient under this indictment to sustain a conviction."

" 'In each of these cases, we held that the instructions given were erroneous for the reason that they were on the weight of the evidence.' . . .

" 'The rule is that the unexplained possession of recently stolen property is a fact from which an inference of guilt may be drawn.' It is wholly within the province of the jury to draw or not to draw such inference, and it is an invasion of the province of the jury to tell them, as a matter of law, that the unexplained possession of recently stolen property raises a presumption of guilt.''

State's counsel, however, argues that there was no general or specific objection made to this instruction by appellants. The record reflects, however, that appellants' counsel made a general and specific objection to instruction No. 4 given by the court, which immediately preceded No. 5, and presented to the court his objections to instructions 4 and 5 in this language:·

''In this instruction, the court further told the jury that 'the possession of recently stolen property by the defendants, if you find from the evidence in this case beyond a reasonable doubt that they actually were in possession of recently stolen goods is a fact from which their complicity in the original stealing of the property may be inferred, but this fact standing alone, if you find it to be a fact, is not sufficient to sustain a conviction.' The court made further references to the possession of recently stolen property and the defendants object and except to such references to such charge as such charge constitutes a singling out of evidence. A statement of the court's opinion of the weight that would be given thereto and constitutes an invasion of the province of the jury. The defendants here cite *Denmark* v. *State,* 58 Ark. 576, 25 S. W. 867, and *Sons* v. *State,* 116 Ark. 357, 172 S. W. 1029. Any reference to possession of recently stolen property is in violation of the law, and the defendants object and except to said references and to the giving of said instruction.

''Defendants object and except to the court's instruction No. 5 on the ground that it is contradictory to the

alleged charge of importing stolen property into the State of Arkansas, and excepts to the action of the court in giving the same.''

We think a fair inference to be drawn, and the effect to be given to this language, is that it amounted to a general objection to instruction No. 4 and to the giving of instruction No. 5 also and was sufficient since we hold that instruction No. 5 was inherently wrong.

For the error indicated, the judgment is reversed and the cause remanded for a new trial.

The Chief Justice and Justices MILLWEE and WARD dissent.