PEAIRS *v.* STATE.

4855                                                                   297 S. W. 2d 775

Opinion delivered January 21, 1957.

*McMath, Leatherman & Woods,* for appellant.

*Tom Gentry,* Attorney General; *Ben J. Harrison,* Assistant Attorney General, for appellee.

PAUL WARD, Associate Justice. This appeal challenges the constitutionality of the criminal provision of Ark. Stats. 51-601 as being in violation of Art. 2, Sec. 16, of the constitution of the State of Arkansas, presenting a question of first impression to this court.

The section above mentioned consists of two legislative acts, viz: Act 146 of 1895 and Act 563 of 1923. The first act provides generally that laborers and materialmen shall have a lien on the property constructed or repaired, and provides how said lien shall be perfected and enforced. The second act added to the first act a criminal provision for failure of the contractor to satisfy the lien, reading as follows:

"Any original or principal contractor or his assignee who shall be paid the contract price or any portion thereof, and who shall fail or refuse to discharge the liens created by this section, to the extent of the contract price received by him, shall be deemed guilty of an offense and punishable as follows:" (If the amount received by the contractor exceeds $10.00, he shall be deemed guilty of a felony, and if less than $10.00, he shall be deemed guilty of a misdemeanor.)

An information charged appellant with a violation of the above criminal statute based on the following factual situation: Appellant, Allen M. Peairs, entered into a contract with the Pan-Am Southern Corporation to build certain large oil tanks in El Dorado. Peairs subcontracted the work to the Baker Tank Company, which furnished the materials and built the oil tanks in question. The Pan-Am Company paid appellant the contract price, but appellant failed to pay the Baker Tank Company. The Baker Tank Company perfected its lien against the property of Pan-Am but appellant failed to discharge the lien.

Appellant was tried and convicted of violating the criminal portion of Section 51-601, and was sentenced to one year in the penitentiary. It is his contention on this appeal that the said criminal statute violates Article 2, Section 16, of the Arkansas Constitution, which

reads as follows: "No person shall be imprisoned for debt in any civil action, on mesne or final process, unless in cases of fraud." After careful consideration we have concluded that appellant's contention must be sustained.

At the very outset we are forcibly impressed with the absence of any language in Section 51-601 which makes fraud or fraudulent intent a part or prerequisite of the criminal offense. It is the absence of such language in the statutes which makes it violative of that portion of the constitution above quoted. As the statute now reads, a contractor would be guilty of a felony if he fails, for any reason, "to discharge the liens," of, in other words, if he fails to pay a debt. It is not difficult to imagine many situations in which a contractor might be prevented from paying the subcontractor or laborers even though he may have acted in all good faith and without any intent to defraud any one, yet, under the wording of the statute, he could be convicted of a felony.

Although this court has not had occasion to pass upon the question under consideration, other jurisdictions have, and those decisions support the conclusion we have reached. In the case of *Commercial National Bank of Sturgis* v. *Smith,* 60 S. D. 376; 244 N. W. 521, the Supreme Court of South Dakota, in dealing with a statute somewhat similar to ours, had this to say: "In our opinion the legislature is without authority to provide that a contractor shall be deemed guilty of a crime punishable by imprisonment for failure to pay the claims of creditors furnishing labor and materials from money paid to him under contract," holding said statute unconstitutional. In this opinion the court referred to *People* v. *Holder,* 53 Cal. App. 45, 199 P. 832, and quoted therefrom as follows: "In our opinion the legislature is without the power to do either of these things. That is, the legislature has not the power to provide that a contractor who breaches his agreement to pay a certain class of debts with money that is his own, shall, for that reason alone, be deemed guilty of a crime punishable with imprisonment."

In an early case, the Supreme Court of Minnesota, in the case of *Meyer* v. *Berlandi, et al.,* 39 Minn. 438, 40 N. W. 513, in speaking of the criminal provision of a lien statute, had this to say:

"Section 3, if not unconstitutional on other grounds, is clearly repugnant to Section 12, Art. 1, of the constitution of the state, prohibiting imprisonment for debt. It is not necessary that a contractor be guilty of any fraud or other tort in order to subject him to the penalties of this section. If he has received his pay from the owner of the property, and owes a debt due on contract to one of his laborers or materialmen which he is unable to pay, he is guilty of obtaining money on false .pretenses, and liable to imprisonment in the penitentiary. No matter how honestly he may have paid over the last dollar which he has received on his contract, yet if, through honest mistake, he took the job too cheap, or if by unforseen accident it cost more than he anticipated, and for that reason he cannot pay all that he owes for labor or material, he is a felon. This is returning with a vengeance to the old barbarous fiction upon which imprisonment for debt was originally based."

Later the legislature of Minnesota changed the statute referred to above, making the intent to defraud a necessary element of the crime. The amended statute was held constitutional in the case of *State* v. *Harris,* 134 Minn. 35, 158 N. W. 829, where the court, in referring to the original statute and to the decision in the *Meyer* case, *supra,* said: "When, however, that case is examined, it will be found to sustain the legislation here in question, rather than to overturn it. The 'intent to defraud,' which is the gist of the Act of 1915 (Amended Act), was not contained in the act there under consideration, and it is the 'intent to defraud' which makes unlawful and criminal the acts prohibited by the statute." The same line of reasoning, when applied to the statute under consideration, forces the conclusion that it violates the constitutional prohibition against imprisonment for debt in the absence of fraud.

The Supreme Court of the United States in the early case of *Bailey* v. *Alabama,* 219 U. S. 219, 31 S. Ct. 145, 55 L. Ed. 191, in a lengthy and well considered opinion, discussed an Alabama statute which, in general, provided that any person who, with *intent to defraud* his employer, entered into a written contract for service and thereby obtained money or property, and who failed to perform said services would be guilty of a criminal offense. As set forth in the opinion, however, this statute was later amended so as to provide that the *intent to defraud* would be *presumed* if the service was not in fact rendered. In holding the amended statute unconstitutional the court noted that the original statute had been upheld in the case of *Ex Parte Riley,* 94 Alabama 82, 10 So. 528, on the ground that it was necessary to prove ''the intent to defraud,'' and that this was not necessary in the amended statute. In that case the court pointed out it was no longer necessary for the prosecution to establish the intent to defraud which, as the court said, constituted the gist of the offense.

The *Bailey* case has been cited with approval many tines by the United States Supreme Court and has in no instance been overruled. Some of these cases are: *Pollock* v. *Williams, Sheriff,* (Fla.), 322 U. S. 4, 23; 64 S. Ct. 792, 88 L. Ed. 1095; *Morrison, et al.* v. *California,* 291 U. S. 82, 31 S. Ct. 145, 55 L. Ed. 191; *Bandini Co.* v. *Superior Court,* 284 U. S. 8, 52 S. Ct. 103, 76 L. Ed. 136; and *Minski* v. *U. S.,* 131 F. 2d 614.

The state thinks the constitutionality of the questioned statute is sustained by the holdings in *State* v. *Hertzog,* 92 S. C. 14, 75 S. E. 374, and *State* v. *Williams, et al.,* 133 Wash. 121, 233 Pac. 285, but we do not agree. The *Hertzog* case dealt with a constitutional provision like ours, but the statute was different. The South Carolina statute created a lien (in favor of the laborer or materialman) on the money paid by the owner to the contractor, and the defendant was charged with, and convicted for, violating a general statute ''which, in general terms, made a criminal offense the disposition of any personal property upon which a lien exists,'' etc.

The *Williams* case dealt with a statute which started out with this language:

"Every person who, with *intent to deprive* or *defraud,* the owner thereof," etc. (emphasis supplied).

The above quoted language was what convinced the Washington court the statute was constitutional. It is the lack of the same or similar language in Sec. 51-601 which forces us to conclude that said section violates Art. 2. Sec. 16 of our constitution.

Reversed and dismissed.