RENO AND STARK *v.* STATE

5211                                    406 S. W. 2d 372

Opinion delivered October 3, 1966

*Leon Reed & C. E. Blackburn,* for appellant.

*Bruce Bennett,* Attorney General; *Lance Hanshaw,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. In November, 1962, the appellants, Reno and Stark, and their wives formed a corporation for the purpose of engaging in the business of building houses. The company never prospered and finally filed a petition in bankruptcy on October 21, 1964. Within the next few weeks a number of materialmen's liens were filed against a house that the company had built for Mr. and Mrs. S. G. Banks. In September of 1965

the prosecuting attorney filed an information against Reno and Stark charging them with having failed to discharge the liens, in violation of Ark. Stat. Ann. § 51-640 (Supp. 1965). Upon trial the accused were found guilty and sentenced to a fine and imprisonment.

Reno and Stark attempted to prove, as their defense to the charge, that they had no intent to defraud the Bankses. That intent is now an essential element of the offense. An earlier statute, which lacked that requirement, was declared to be unconstitutional. *Peairs v. State,* 227 Ark. 230, 297 S. W. 2d 775 (1957).

In the course of the defendants' testimony they offered to show that the contract price for the Banks house was too low, so that the builders sustained a financial loss in the transaction. The court excluded this evidence, as follows:

> The Court: I don't believe that would be material here, whether or not he made any profit or whether he lost money. The charge here is . . . failure to satisfy and discharge these liens after he had been paid the contract price.

> Mr. Blackburn: Yes, sir, with the intent to defraud. I thought it would show the lack of intent to defraud.

> The Court: No, sir, I don't think so.

> Mr. Blackburn: Note my exceptions.

This was error. The court's ruling would have been right under the earlier statute, had it been constitutional. But the intent to defraud is now a necessary element in the offense. If the jury had believed the defendants' proffered proof that their insolvency and consequent failure to satisfy the liens resulted from inexperience, which led them to make improvident contracts, the jury might have found that there was in fact no intent to defraud. Hence the evidence was relevant and should have been admitted.

One other point, argued in the briefs, may arise upon a new trial. In the present statute the first sentence defines the offense, in substance, as the failure to apply payments under the contract to the discharge of the liens, with the intent thereby to defraud the owner. The second sentence then attempts, in the following language, to declare that proof of certain facts shall be prima facie evidence of the intent to defraud:

> In any prosecution under this act . . . when it shall be shown in evidence that any lien for labor or materials existed in favor of any mechanic, laborer or materialmen and that such lien has been filed within the time provided by law in the office of the circuit clerk . . . and that such contractor . . . has received payment without discharging the said lien to the extent of the funds received by him, the fact of acceptance of such payment without having discharged the same lien within ten days after receipt of such payment or the receipt of notice of the existence of such lien, whichever event shall occur last, shall be prima facie evidence of intent to defraud on the part of the person so receiving payment. Ark. Stat. Ann. § 51-640 (Supp. 1965).

At the first trial the court read the statute to the jury. Counsel now contend that the statute, or at least the sentence just quoted, is unconstitutional for the same reason that the earlier statute was struck down in the *Peairs* case, *supra*.

We need not decide the issue of constitutionality, for the appellants' contention can be sustained upon a narrower ground. We have frequently held, as in *Blankenship* v. *State*, 55 Ark. 244, 18 S. W. 54 (1891), that the court commits reversible error in telling the jury that proof of a certain fact is sufficient to support a conviction. More recently, in *Thiel* v. *Dove*, 229 Ark. 601, 317 S. W. 2d 121 (1958), we pointed out that "it is clearly improper for the court to tell the jury that a specific fact in evidence is sufficient to support an inference of

guilt, negligence, or the like. [Citing cases.] It is for the jury to say whether the particular inference *should* be drawn from all the proof in the case, and consequently the court comments on the weight of the evidence when it declares that a certain inference *may* be drawn from a specific fact.'' (Original italics.)

Under this principle the second sentence in the act now before us should not in any case be read to the jury, for it involves a comment on the evidence. Inasmuch as the prohibition against comments on the evidence is set forth in our constitution, Article 7, § 23, the legislature cannot by statute empower the trial judge to make such a comment.

We find no other error that is apt to recur upon a new trial.

Reversed.