Barbara Railsback FRENCH *v.* STATE of Arkansas

CR 73-154                                    506 S.W. 2d 820

Opinion delivered March 25, 1974

*Ball, Gallman & Martin,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Dep.
Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. We find it necessary to
reverse the judgment of conviction of appellant of the crime of
Possession of a Controlled Substance with Intent to Deliver in
violation of Act 67 of 1972 [Ark. Stat. Ann. § 82-2617 (Supp.
1973)] because of the giving of an instruction to the jury
which amounted to a comment on the evidence prohibited by
Art. 7, Sec. 23 of the Constitution of Arkansas. The instruc-
tion was virtually a verbatim recitation of Act 68 of 1972
(Ark. Stat. Ann. § 82-2617). It read:

Possession of marijuana (Cannabis Sativa L.) in excess of one ounce shall create a rebuttable presumption that such person possesses such controlled substance with intent to deliver; provided, however, the presumption provided for herein may be overcome by the submission of evidence sufficient to create reasonable doubt that the person charged possessed the marijuana (Cannabis Sativa L.) with intent to deliver.

We have not heretofore passed upon the propriety of stating the statutory "rebuttable presumption" to the jury. We did not directly consider the question in *Stone* v. *State*, 254 Ark. 1011, 498 S.W. 2d 634, because it was not before us. We did hold, however, that the words "rebuttable presumption" as used in the statute referred, rather than to a conclusive presumption, to a justifiable inference, i.e., an inference which a trier of fact may draw if it thinks the evidence requires it, but which may be overcome by submission of evidence creating a reasonable doubt. Even though we reserved the question, we recognized that an instruction in the words of the statute might run afoul of such decisions as *Lott* v. *State*, 223 Ark. 841, 268 S.W. 2d 891, in which we have held an instruction telling a jury that an inference of guilt of larceny could be based upon an accused's possession of recently stolen property to be an impermissible comment on the evidence. To the same effect, see *Mays* v. *State*, 163 Ark. 232, 259 S.W. 398; *Holcomb* v. *State*, 217 Ark. 407, 230 S.W. 2d 487.

More to the point, however, is our holding in *Reno and Stark* v. *State*, 241 Ark. 127, 406 S.W. 2d 372, reaffirmed in *State* v. *Jacks*, 243 Ark. 77, 418 S.W. 2d 622, where, as here, the matter of drawing inferences as to a defendant's intent from proof of other facts was the question involved. In *Reno*, there was a prosecution for failure of a contractor to apply payments made by an owner under his contract to the discharge of liens with the intent to defraud the owner under Ark. Stat. Ann. § 51-640 (Repl. 1971). An instruction was given which was a recitation to the jury of that section of the statute making the showing that a contractor had received payment without having discharged a mechanic's, laborer's or materialman's lien within 10 days after receipt of payment or of notice of the existence of the lien prima facie evidence of

intent to defraud. It was held improper as a comment on the evidence.

The rationale of our holdings in regard to such matters is that it is improper for a court to tell a jury that a specific fact shown by the evidence is sufficient to support a certain inference, such as guilt, negligence, malice or the like. See *Thiel v. Dove*, 229 Ark. 601, 317 S.W. 2d 121. Under this rationale we must hold the giving of the instruction questioned here to be reversible error. In so doing, we reject appellee's argument based upon a statement in *Jones* v. *City of Forrest City*, 239 Ark. 211, 388 S.W. 2d 386 (and cases cited therein), that an instruction in the language of a statute applicable to the facts of a case is *always* proper. This comprehensive language applied literally would permit the legislature to override Art. 7, Sec. 23 of the Constitution, but we have held in *Reno*, decided subsequently to *Jones*, that this cannot be. We hasten to point out that this case was tried prior to our decision in *Stone* v. *State*, supra, and to add that the instruction given here was not couched in language that would bring it within the category of instructions held permissible in such cases as *Petty* v. *State*, 245 Ark. 808, 434 S.W. 2d 602; *Johnson* v. *State*, 190 Ark. 979, 82 S.W. 2d 521; *Thiel* v. *Dove*, supra; *McDonald* v. *State*, 165 Ark. 411, 264 S.W. 961; *Barron* v. *State*, 155 Ark. 80, 244 S.W. 331; *Selman* v. *State*, 159 Ark. 131, 251 S.W. 882; *Walker* v. *State*, 138 Ark. 517, 212 S.W. 319.

Appellant next contends that the trial court erred in admitting into evidence articles seized pursuant to a search warrant issued by the Fayetteville Municipal Court. In support of this contention, she argues that the information upon which Michael E. Vowell, Special Agent of the Bureau of Narcotics and Dangerous Drugs predicated his affidavit of probable cause for the issuance of the search warrant was obtained as a result of an illegal search by Vowell and that all conduct by Vowell thereafter was tainted by such illegal search.

On motion to suppress the evidence obtained through the search, it was shown that in July 1972 a parcel addressed to *Mr.* Barbara Railsback was received via Delta Airlines at Little Rock. Its point of origin was somewhere in Africa. It was delivered to the Port Director, Arthur Vlcek, and left in

his custody on the dock for five days, as customary in case of any importation into this country. Since it was not claimed by anyone during that period, it was then put into the Government Order Warehouse, which was in the back part of the Port Director's office. About the 16th day of August, in order to clear the parcel through customs, Gregory Phillips of R. W. Smith Company, a broker, made an entry or declaration, on behalf of appellant, that the parcel contained a drum classified under a tariff act. Vlcek then opened the outer burlap wrapping of the parcel to see if the contents conformed with the entry. He found a drum, which seemed to him to be heavier than normal. Because of the weight, he suspected that the drum might have been utilized for smuggling, so he punctured the drum, inserted a small wire probe and extracted a small piece of plastic bag and some material which proved upon testing to be marijuana. He immediately seized the drum and made up the usual seizure report based upon the smuggling of marijuana in violation of federal law prohibiting introduction of contraband into the United States. Although the customs agent usually makes delivery of contraband under these circumstances, Vlcek was directed by his superiors to deliver the drum to the Bureau of Narcotics and Dangerous Drugs, because of a shortage of personnel in the customs agency. Vlcek notified the Bureau of Narcotics, and officers Redd and Vowell of that agency appeared on the day after the parcel had been opened, and Vlcek turned the drum over to them, taking their receipt. It had been repacked in its original wrapper. Vlcek informed Redd and Vowell of his determination that the African drum inside the wrapping contained marijuana.

Vowell took the drum and made preparations to deliver it to the addressee. Until delivered on August 19, the drum remained in Vowell's exclusive control and custody. There is a contradiction between the testimony of Vlcek and that of Vowell as to whether Vowell made an inspection and search of the drum before leaving Vlcek's office. This is immaterial in our view of the case. Vowell did deliver the parcel to appellant Mrs. Barbara French at her residence on Markham Hill in Fayetteville, and obtained a receipt which she signed as "Barbara Railsback." He did not identify himself as an officer. He made the delivery at a point about 40 feet from the front door of the French house. When he last saw appellant, she was walking toward the house carrying the drum.

Vowell then returned to the Fayetteville Police Department, where he had stopped on his way to the French residence, and made an affidavit he had previously prepared in order to obtain the search warrant. The affidavit was executed before Municipal Judge Richard A. Wells, who issued the warrant in question. The Warrant authorized the search of the French dwelling house and five outbuildings on the grounds. The affidavit recites the following facts as grounds for issuance of the warrant:

> I was informed last date by Port Inspector Arthur Vlcek, Little Rock, Arkansas, that he had discovered, in a routine customs inspection, that a certain drum contained marijuana. He stated that his department had verified that this drum was shipped from Africa to London, England, to New York City, to Little Rock, Arkansas and destined for the here-and-above residence. Upon receiving this information, I personally checked this drum and was able to detect marijuana, which I verified by chemical test. This drum also appeared to contain other substances. This drum was addressed to one Barbara Railsback at Box 1872, U of A, Fayetteville, Arkansas 72701. The addressee contacted customs brokers and instructed delivery of said drum to be made to the above listed premises. This date, I accompanied delivery service on delivery of said drum to the above described premises within the last hour.

As heretofore pointed out, appellant's argument is based almost entirely upon an assertion that the search made by Vowell upon his receipt of the drum was illegal, upon the theory that this tainted every step Vowell took thereafter. We do not agree. The question is whether the affidavit stated probable cause for the issuance of the search warrant. We do not consider the question of reasonableness of Vowell's inspection of the drum and testing of its contents, because we find that immaterial. Appellant concedes that the search by Vlcek was legal and that Vowell had probable cause to obtain a warrant to search the drum upon the basis of the information obtained from Vlcek. Vowell testified that the information given him by Vlcek was one of the bases of his opinion that there was probable cause for the search. But appellant contends that there is no showing of the reliability of

credibility of his hearsay information in Vowell's affidavit. The affidavit identified Vowell's informant as the Port Inspector in Little Rock and that the information imparted by him to Vowell was discovered in a routine customs inspection. We do not deem it necessary for an affiant applying for a search warrant to state reasons why a public official is a credible or reliable informant.

We have long held that a presumption in favor of due performance of official duty always exists. *Craig* v. *Sims,* 160 Ark. 269, 255 S.W. 1. In the absence of evidence to the contrary, we have presumed that public officers have acted, or will act, lawfully, correctly, regularly, sincerely and in good faith in the execution of their duties. *Arkansas Pollution Control Commission* v. *Coyne,* 252 Ark. 792, 481 S.W. 2d 322; *Rockefeller* v. *Hogue,* 244 Ark. 1029, 429 S.W. 2d 85; *Beaumont* v. *Faubus,* 239 Ark. 801, 394 S.W. 2d 478. We have assumed that official negotiations were characterized by the utmost good faith and sincerity of purpose. *Matthews* v. *Bailey,* 198 Ark. 703, 130 S.W. 2d 1006. We have said that one should not be required to inquire into the honesty and good faith of a public officer. *Dozier* v. *Ragsdale,* 186 Ark. 654, 55 S.W. 2d 779. It would certainly be anomalous and inconsistent to honor the presumption as we have without also indulging the presumption that a public official is credible and his information reliable when it was obtained in the performance of his official duties. In the absence of any effort to show that Vlcek was not a credible person and that he was not a reliable source of information, we hold that the municipal judge, the circuit judge and this court should indulge the presumption that he was. Consequently, appellant's arguments here on this point must be rejected.

Discussion of appellant's third point becomes moot, in view of the disposition we make of this case. By it, appellant asserts that the trial court erred in failing to require the state to submit to her the procedures used in chemical tests of materials seized. Inasmuch as the chemist who made the tests testified about them in detail, appellant, on retrial, has the benefit of more information than she would have obtained if her motion in that regard had been granted.

On account of the error in the instruction given, the judgment is reversed and the cause remanded for a new trial.