James L. STONE, Petitioner,

v.

A. L. LOCKHART, Respondent.

No. PB–74–C–266.

United States District Court,
E. D. Arkansas,
Pine Bluff Division.

June 21, 1976.

---

Patrick Dale O'Rourke, Pine Bluff, Ark., for petitioner.

Jackson Jones, Asst. Atty. Gen., Little Rock, Ark., for respondent.

## MEMORANDUM DECISION

NICHOL, District Judge, sitting by designation.

James Stone has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Petitioner is presently serving a six year sentence imposed upon his conviction for possession of heroin with intent to deliver.

The background of this case may be briefly stated. Petitioner was arrested on February 20, 1973, on a charge of public drunkenness. A search of his person was conducted incident to his arrest and 4.88 grams of a brown powder substance were discovered. Analysis established the substance contained about 1.22 grams of heroin. Petitioner was charged with possession of heroin with intent to deliver and convicted by a jury on March 8, 1973. Petitioner appealed the conviction on the basis that Ark. Stat. Ann. Section 82–2617(d) was unconstitutional.[1] This section provides

---

1. (d) Rebuttable Presumption.

Possession by any person of a quantity of any controlled substance listed in this subsection in excess of the quantity limit set out herein, shall create a rebuttable presumption that such person possesses such controlled substance with intent to deliver in violation of Section 1(a) and (b) [this section] of this article. Provided, how-

that possession of more than 100 milligrams of heroin creates a rebuttable presumption that one possesses such heroin with intent to deliver. The statute further provides that the presumption may be overcome by submission of evidence sufficient to create a reasonable doubt that the person possessed the heroin with intent to deliver. The Supreme Court of Arkansas upheld the constitutionality of the statute and affirmed the conviction. *Stone v. State,* 254 Ark. 1011, 498 S.W.2d 634 (1973). This Court conducted an evidentiary hearing on April 23, 1976. For reasons below the petition for writ of habeas corpus is denied.

 State legislative enactments are presumed to be constitutional until judicially invalidated. *Davies Warehouse Co. v. Bowles,* 321 U.S. 144, 153, 64 S.Ct. 474, 88 L.Ed. 635 (1944). The statute here challenged is phrased in terms of creating a "rebuttable presumption", but the Supreme Court of Arkansas has interpreted the statute as creating a "justifiable inference".

> We did hold, however, that the words "rebuttable presumption" as used in the statute referred, rather than to a conclusive presumption, to a justifiable inference, i. e., an inference which a trier of fact may draw if it thinks the evidence requires it, but which may be overcome by submission of evidence creating a reasonable doubt.

*French v. State,* 256 Ark. 298, 506 S.W.2d 820–821 (1974). The distinction is relevant when considering what standard a statutory inference must meet to comport with the requirements of due process. The Supreme Court of the United States has not definitively addressed the question.

> The teaching of the foregoing cases is not altogether clear. To the extent that the "rational connection," "more likely than not," and "reasonable doubt" standards bear ambiguous relationships to one another, the ambiguity is traceable in large part to variations in language and focus

rather than to differences of substance. What has been established by the cases, however, is at least this: that if a statutory inference submitted to the jury as sufficient to support conviction satisfies the reasonable-doubt standard (that is, the evidence necessary to invoke the inference is sufficient for a rational juror to find the inferred fact beyond a reasonable doubt) as well as the more-likely-than-not standard, then it clearly accords with due process.

*Barnes v. United States,* 412 U.S. 837, 843, 93 S.Ct. 2357, 2361, 37 L.Ed.2d 380 (1973). The briefs submitted to the Court indicate that both parties concur that the less rigorous standard is applicable in this case. The Court agrees primarily because of the interpretation of the statute by the Arkansas Supreme Court. The statute permits the trier of fact to draw the inference if the evidence supports it or refuse to do so if the evidence does not support it. See, *Stone v. State,* 254 Ark. 1011, 498 S.W.2d 634, 636 (1973). The "permissive" nature of the statute closely parallels the interpretation placed upon other statutory inferences upheld by the United States Supreme Court.

> However, you are never required to make this inference. It is the exclusive province of the jury to determine whether the facts and circumstances shown by the evidence in this case warrant any inference which the law permits the jury to draw from the possession of recently stolen property. (Knowledge that property was stolen inferred from possession of recently stolen property). *Barnes,* supra, 412 U.S. at 840 n. 3, 93 S.Ct. at .2360.

The jury, however, even if it believed Turner had possessed heroin, was not required by the instructions to find him guilty. The jury was instructed that it was the sole judge of the facts and the inferences to be drawn therefrom, that all elements of the crime must be proved beyond a reasonable doubt, and that the

---

ever, the presumption provided for herein may be overcome by the submission of evidence sufficient to create a reasonable doubt that the person charged possessed a controlled substance with intent to deliver in violation of Section 1(a) and (b) of this Article.

Heroin—100 milligrams

\* \* \* \* \* \*

inference authorized by the statute did not require the defendant to present evidence. * * * The jury was obligated by its instructions to assess for itself the probative force of possession and the weight, if any, to be accorded the statutory inference. (Illegal importation and knowledge of illegal importation inferred from possession of heroin). *Turner v. United States,* 396 U.S. 398, 406–407, 90 S.Ct. 642, 647, 24 L.Ed.2d 610 (1970). The jury was thus specifically told that the statutory inference was not conclusive. * * * Even if it found that the defendant had been present at the still, and that his presence remained unexplained, the jury could nonetheless acquit him if it found that the Government had not proved his guilt beyond a reasonable doubt. (Possession, custody or control of a set up, unregistered still and carrying on the business of a distiller or rectifier without having given bond as required by law inferred from presence at an illegal still if unexplained). *United States v. Gainey,* 380 U.S. 63, 70, 85 S.Ct. 754, 759, 13 L.Ed.2d 658 (1965).

The Court accordingly will apply the standard set out in *Leary v. United States,* 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969). * * * (a) criminal statutory presumption must be regarded as "irrational" or "arbitrary," and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend. *And in the judicial assessment the congressional determination favoring the particular presumption must, of course, weigh heavily.* 395 U.S. at 36, 89 S.Ct. at 1548. (emphasis added).

■ The statute permits the jury to infer an intent to deliver if one is found beyond a reasonable doubt to possess more than one hundred milligrams of heroin. To establish that no logical connection exists, Petitioner called a single witness. This witness was an admitted former heroin abuser and currently counsels drug abusers in the Little Rock area. Petitioner's own witness testified that the most severe case of drug addiction he had witnessed was a heroin abuser who daily required seven "papers". A paper was described as containing seven to ten milligrams of substance. This substance varied in percentage of "purity" but a figure of five to twenty-five per cent would not be unreasonable in the Little Rock area. Using the twenty-five per cent figure, the worst case of addiction observed by Petitioner's witness would be an abuser using 12.25–17.5 milligrams of heroin each day.[2] Respondent's single witness testified that heroin used in the Little Rock area is normally diluted to approximately five per cent purity. This witness also testified that consumption of 25–40 milligrams of five per cent pure heroin daily was a severe addiction. This computes to a daily consumption of 1.25–2.0 milligrams.

Petitioner also established that some abusers would store or "stash" larger amounts of heroin for personal use if the supply was tight. While many variables affected how much a user might store at any one time, Petitioner's witness indicated the most a user might reasonably be expected to store would be 1000–2000 milligrams of substance. If this substance were five per cent pure, this computes to a "stash" of 50–100 milligrams of heroin.

Petitioner's primary focus was on the proposition that it was more likely than not that one possessing more than one hundred milligrams of heroin possessed the drug for personal use and not with intent to deliver. Petitioner's own witness, however, testified that the majority of persons from whom he had purchased heroin as an abuser "did not use heroin".

The invalidation of a legislative act is a drastic remedy. The legislative history of this act is not available to the Court. The brief of the Petitioner admits that the evidence presented to this Court is minimal at

**2.** The substance possessed by Petitioner was analyzed as being twenty-five per cent pure. The testimony does not support the inference that the average abuser uses such a "strong" mixture. The process is usually one of diluting the substance further before actual use.

best compared to the analysis contained in *Leary*. The Court must give great weight to the legislative determination favoring the inference permitted by the statute. *Leary*, supra, at 36, 89 S.Ct. 1501. Significant weight must be accorded the capacity of the Legislature to "amass the stuff of actual experience and cull conclusions from it." *Gainey*, supra, 380 U.S. at 67, 85 S.Ct. at 757. The Court concludes that Petitioner has failed to establish that the presumption authorized by the act is irrational or arbitrary and therefore unconstitutional.

Petitioner has further alleged that the statute infringes his privilege against self-incrimination. The claim is without merit. See, *Barnes*, supra, 412 U.S. at 846, 93 S.Ct. 2357; *Turner*, supra, 396 U.S. at 417–418, 90 S.Ct. 642; *Yee Hem v. United States*, 268 U.S. 178, 185, 45 S.Ct. 470, 69 L.Ed. 904 (1925); *United States v. Cox*, 462 F.2d 1293, 1305 (8th Cir.1972), cert. denied, 417 U.S. 918, 94 S.Ct. 2623, 41 L.Ed.2d 223 (1974). It is also well established that a permissive inference does not constitute a comment on the petitioner's failure to testify. *Barnes*, supra, 412 U.S. at 846, n. 12, 93 S.Ct. 2357; *Gainey*, supra, 380 U.S. at 70–71, 85 S.Ct. 754.

It has been noted that the Supreme Court of Arkansas has interpreted the act as authorizing a justifiable or permissive inference. The analysis above was premised on this interpretation. This Court expresses no opinion as to whether the instructions given at the trial, when considered as a whole, "fairly conveyed the governing legal principle to the jury." *Cox*, supra, at 1305. The Court was given copies of several instructions given at the trial. The state court record was not produced, however, nor was a transcript available to review the instructions actually given or whether the state trial judge supplemented them in any manner. Furthermore, while the Petitioner objected to the giving of an instruction in the language of the statute, the Court has no record as to any other objections made or instructions refused. Most importantly, Petitioner has never presented this issue to the state courts.

The issue was not raised on direct appeal and Petitioner has not availed himself of the post conviction remedies afforded him in state courts. The Court declines to consider this matter on the basis that Petitioner has failed to exhaust his state remedies as mandated by 28 U.S.C. Section 2254(b).

Petitioner's final contention challenges the giving of an instruction in the language of the statute as violating Article 7, Section 23, of the Constitution of Arkansas. The Supreme Court of Arkansas declined to reach this question since it was not raised until Petitioner filed his reply brief. *Stone v. State*, 254 Ark. 1011, 498 S.W.2d 634, 640 (1973). *Stone* was decided July 23, 1973. On March 25, 1974, the Arkansas Supreme Court held that the giving of an instruction in the language of the statute did violate the Arkansas Constitution. *French v. State*, 256 Ark. 298, 506 S.W.2d 820 (1974). Petitioner did not seek post conviction relief in the state courts although such procedure was available. The instant petition was filed on August 8, 1974.

The Court finds that Petitioner has failed to exhaust his state remedies. It is apparent that between the time the conviction was affirmed and the petition for writ of habeas corpus was filed in federal court, there was an intervening circumstance which renewed the possibility of obtaining relief in the state courts. See, *Rice v. Wolff*, 513 F.2d 1280, 1291 (8th Cir. 1975), cert. granted. 422 U.S. 1055, 95 S.Ct. 2677, 45 L.Ed.2d 707 (1975). Furthermore, it is a matter involving interpretation of a state constitutional provision. Petitioner's apparently deliberate by-passing of the state courts on a claim involving a state constitutional provision can not be overlooked and this Court declines to decide the matter for failure to exhaust state remedies.